# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| HSBC BANK USA, NATIONAL ASSOCIATION, | Case No.: 2:16-cv-02762-RFB-NJK |
| Plaintiff, | **ORDER** |
| v. | |
| SFR INVESTMENTS POOL 1, LLC., | |
| Defendants. | |

## I.  INTRODUCTION

Before the Court is Defendant SFR Investments Pool 1, LLC's ("SFR") Motion for Default Judgment. ECF No 45. For the following reasons, the Court grants this motion.

## II.  PROCEDURAL BACKGROUND

HSBC Bank USA, National Association ("HSBC") filed its complaint against Defendants on December 2, 2016. ECF No. 1. On January 27, 2017, SFR answered and asserted cross-claims against Marilu Aguilera. ECF No. 24. Aguilera was served with SFR's Answer with cross-claims on April 25, 2017. ECF No. 27. On May 30, 2017, this SFR filed a Motion for Entry of Clerk's Default as to Marilu Aguilera and it was entered on May 31, 2017. ECF Nos. 27, 28. On December 12, 2018, this Court entered stipulation of dismissal with prejudice as to HSBC, SFR, and Belcrest Homeowners Association; this did not affect the cross-claims against Aguilera. ECF No. 44. On May 7, 2020, SFR filed a Motion for Default Judgment against Aguilera and there was no opposition filed. ECF Nos. 45, 46.

## III.  LEGAL STANDARD

The granting of a default judgment is a two-step process directed by Rule 55 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 55; <u>Eitel v. McCool</u>, 782 F.2d 1470, 1471 (9th Cir. 1986). The first step is an entry of clerk's default based on a showing, by affidavit or otherwise, that the party against whom the judgment is sought "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). The second step is default judgment under Rule 55(b), a decision which lies within the

discretion of the Court. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). Factors which a court, in its discretion, may consider in deciding whether to grant a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of the substantive claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of a dispute of material fact, (6) whether the default was due to excusable neglect, and (7) the Federal Rules' strong policy in favor of deciding cases on the merits. Eitel, 782 F.2d at 1471–72.

If an entry of default is made, the Court accepts all well-pleaded factual allegations in the complaint as true; however, conclusions of law and allegations of fact that are not well-pleaded will not be deemed admitted by the defaulted party. DirecTV, Inc. v. Hoa Huynh, 503 F.3d 847, 854 (9th Cir. 2007). Additionally, the Court does not accept factual allegations relating to the amount of damages as true. Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977). Default establishes a party's liability, but not the amount of damages claimed in the pleading. Id.

**IV.    DISCUSSION**

In considering the seven Eitel factors, the Court finds default judgment against Marilu Aguilera is warranted. The first and sixth factors favor granting default judgment because the Cross-Defendant failed to defend—or appear at all in this matter—since being served with the summons and SFR's Answer. Aguilera's failure to appear for the past four years prejudices SFR by preventing it from determining injunctive relief against Aguilera. Further, Aguilera's failure to appear for a substantial period of time demonstrates the lack of excusable neglect. And while the seventh factor generally counsels against the granting of default judgment, Aguilera's failure to appear prevents the Court from determining the cross-claims on its merits.

The second and third factors also favor a grant of default judgment. SFR seeks quiet title and injunctive relief against Aguilera's. There are sufficient exhibits attached to this instant motion demonstrating SFR is entitled to the relief requested. Thus, SFR has demonstrated its claims are meritorious.

Finally, there is no money at stake to counsel against the grant of default judgment. Thus, the Court finds the Eitel factors favor the grant of default judgment against Cross-Defendant.

/ / /

## V. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant SFR Investments Pool 1, LLC's Motion for Motion for Default Judgment (ECF No. 45) is GRANTED.

The Clerk of the Court is instructed to enter judgment accordingly and close this case.

DATED: March 31, 2021.

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**